FILED BY AT D.C.
Oct 5, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN THE MATTER OF )
THE EXTRADITION OF ) Misc. No. 6:26-mj-2137
GINO JOSEPH BUSQUE )

OUR CASE NO: 26-6568-MJ-STRAUSS

**COMPLAINT FOR PROVISIONAL ARREST WITH A VIEW TOWARD EXTRADITION (18 U.S.C. § 3184)**

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligations to Canada.

2. There is an extradition treaty in force between the United States and Canada: Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, *as amended by* Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. TREATY DOC. NO. 101-17 (1990); *and* Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. TREATY DOC. NO. 107-11 (2002) (collectively, the "Treaty").

3. The Treaty provides, in Article 11, for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

4. In accordance with Article 11 of the Treaty, the Government of Canada has asked the United States for the provisional arrest of dual U.S.-Canadian citizen Gino Joseph Busque ("BUSQUE," or the "fugitive"), pending the submission of a formal request for extradition and supporting documents.

5. According to information the Government of Canada provided, BUSQUE is wanted for prosecution on three counts of possession for the purposes of trafficking cocaine, in violation of Section 5(2) of Canada's Controlled Drug and Substances Act ("CDSA"), and three counts of trafficking cocaine, in violation of Section 5(1) of the CDSA.

6. These offenses were committed within the jurisdiction of Canada. On September 24, 2026, Justice of the Peace Mélanie Hébert of the Court of Québec signed a warrant for BUSQUE's arrest. *See*, Ex. A and B.

7. Based on its investigation, Canada alleges the following facts in support of its arrest warrant and provisional arrest request:

a. BUSQUE is accused of participating in a cocaine trafficking operation, in which he facilitated kilogram-level cocaine transactions, connected buyers (including undercover officers) with suppliers, negotiated prices, directed communications, and demanded commissions from successful transactions. Canada's investigation against BUSQUE resulted in undercover officers purchasing approximately 2,028 grams of cocaine from BUSQUE or his associates across three transactions in 2022 and 2023.

b. Canada's allegations are supported by extensive evidence, including notes and reports of undercover officers who will be witnesses at trial, WhatsApp and Threema communications between BUSQUE and undercover officers, surveillance and identification reports in which police officers formally identify BUSQUE and his accomplices, exhibit photographs, and Health Canada drug analysis certificates for the cocaine seized.

<u>**June 29, 2022, Transaction of 21 Grams of Cocaine for $1,000**</u>

c. On June 22, 2022, BUSQUE met with two undercover police officers, referred to as UC 1 and UC 2, at a bar in Montreal.

d. During this meeting, BUSQUE stated that he could supply them with cocaine, mentioning he could obtain one kilogram of cocaine for between $32,000 (Canadian dollars) and $42,000 (Canadian dollars), depending on quality. He further indicated that he expected an additional $2,000 profit per kilogram.

e. BUSQUE also directed that any future cocaine-related communications be conducted on the messaging service WhatsApp, using a coded terminology: "Box of mix" meaning 1 ounce of cocaine; "8-foot sheet of drywall" meaning ½ kilogram of cocaine; "12-foot sheet of drywall" meaning 1 kilogram of cocaine.

f. On June 28, 2022, UC 2 used WhatsApp to order from BUSQUE a "box of mix" (one ounce of cocaine) for delivery the next day.

g. On June 29, 2022, at approximately 7:38 p.m., BUSQUE met UC 1 and UC 2. He described the cocaine he had for them was high quality and stated that he had personally consumed some before arriving. He further discussed wholesale

cocaine pricing, resale profits, and his ability to rapidly obtain additional quantities from multiple suppliers. BUSQUE proposed a long-term business relationship involving monthly purchases of 4-5 kilograms of cocaine.

h. At approximately 8 p.m. on the same day, BUSQUE then led UC 1 and UC 2 to his vehicle where BUSQUE handed UC 1 a plastic bag containing cocaine. UC 1 then paid BUSQUE $1,000 (Canadian dollars) for the cocaine.

i. The substance was subsequently weighed in at 21 grams, and a Health Canada analyst certificate confirmed the substance was cocaine with 88% purity.

**September 21, 2022, Transaction of 1,001 grams of cocaine for $38,000**

j. On September 19, 2022, BUSQUE advised UC 1 that he had access to a "sheet of drywall" (kilogram of cocaine) for $38,000 and that UC 1 could communicate directly with BUSQUE's supplier. BUSQUE stated he expected a personal commission ("cut") from the transaction.

k. On September 20, 2022, BUSQUE confirmed the transaction with UC 1, stating he would have to travel to Montreal to obtain the cocaine. BUSQUE instructed UC 1 to download the encrypted messaging application Threema. On Threema, UC 1 was introduced to a contact identified as "Rambo," with whom he arranged the logistics for the delivery.

l. On September 21, 2022, BUSQUE coordinated the transaction, confirming to UC 1 that his Montreal contact would complete the deal and discussed the collection of his $3,000 (Canadian dollars) commission.

m. At approximately 7:34 p.m. that day, UC 1 and UC 2 met with an individual identified as Phuong LE. LE delivered to them a blue reusable bag containing cocaine, and UC 1 paid LE $38,000 (Canadian dollars) for the cocaine. Immediately afterward, UC 1 informed BUSQUE by text message: "It's done." BUSQUE later confirmed the delivery and discussed future kilogram purchases.

n. The substance was subsequently weighed in at 1,001 grams, and a Health Canada analyst certificate confirmed the substance was cocaine with 81% purity.

**<u>February 1, 2023, Transaction of 1,006 grams of cocaine for $38,000</u>**

o. On January 24, 2023, BUSQUE informed UC 1 that he had contacted suppliers and that cocaine was available.

p. On January 28, 2023, BUSQUE met with UC 1 and stated he expected a minimum profit of $5,000 (Canadian dollars) per kilogram purchased and requested regular kilogram purchases every two weeks. BUSQUE also noted he had never received his commission from the September 2022 transaction.

q. On January 30 and 31, 2023, BUSQUE confirmed availability of one kilogram of cocaine and assured UC 1 the cocaine would come from Montreal. BUSQUE directed UC 1 to pay $33,000 (Canadian dollars) to the supplier and reserve $5,000 (Canadian dollars) as BUSQUE's commission.

r. On February 1, 2023, BUSQUE texted UC 1 the meeting location in Pointe-Claire, Quebec. At approximately 8:55 p.m., UC 1 and UC 3 met with an

individual identified as Michael TREMPE. TREMPE delivered a red reusable bag containing cocaine and UC 1 provided $33,000 (Canadian dollars) in exchange.

s. On February 2, 2023, BUSQUE met with UC 1 and accepted an envelope containing his $5,000 (Canadian dollars) commission.

t. The substance was subsequently weighed in at 1,006 grams, and a Health Canada analyst certificate confirmed the substance was cocaine with 86% purity.

u. As recently as September 25, 2026, UC 1 has identified BUSQUE by photograph as the individual he dealt with during the three aforementioned cocaine transactions.

8. Article 2 of the Treaty covers the offenses for which BUSQUE's provisional arrest and extradition is sought.

9. According to the U.S. Marshals Service, BUSQUE is expected to be found within this district for the following reasons: He has a residence in Kissimmee, Florida; his vehicle has been captured on license plate readers within this district in the week preceding the filing of this complaint; a social media post he made on September 17, 2026, appears to have been taken in front of his residence in Kissimmee; and his wife has been observed, in the week preceding the filing of this complaint, at or near BUSQUE's place of residence and business within this district.

10. The Government of Canada has represented that it will submit a formal request for extradition within 60 days of BUSQUE's provisional arrest as required by Article 11 of the Treaty.

11. BUSQUE likely would flee if he learned of the existence of a warrant for his arrest.

WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person be issued in accordance with 18 U.S.C. § 3184 and the Treaty, and that this complaint and the warrant be placed under the seal of the Court, except as disclosure is needed for its execution, until such time as the warrant is executed.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Michael Ainis*
Michael Ainis
Assistant United States Attorney
United States Attorney No. USA242
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
E-mail: Michael.Ainis@usdoj.gov

Affidavit submitted by email and attested to me as true and accurate via video conference and/or telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3), before me this 28th day of September, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
United States Magistrate Judge

# Exhibit

# A & B

CANADA
PROVINCE DE / *OF* QUÉBEC

**MANDAT D'ARRESTATION / *WARRANT FOR ARREST***
(475, 493, 511(3) 597, 800, 803 C. cr. / *Cr.C.*)

FORMULE / *FORM 7*

| | |
|---|---|
| District | **MONTRÉAL** |
| Localité / *Locality* | **MONTRÉAL** |
| Dossier / *Record* | **500-73-000099-263** |
| Corps policier / *Police Force* | **GENDARMERIE ROYALE DU CANADA** |
| No séquentiel / *Sequential No* | **001** |
| No d'événement / *Occurrence No* | **2022-522784** |
| Code statistique / *Statistical Code* | |
| Procureures / *Counsels* | Me Nancy Perrault<br>Me Marie Brassard-Lecours<br>Me Marie-Michèle Paquin |

AUX AGENTS DE LA PAIX DU DISTRICT DE / *TO THE PEACE OFFICERS IN THE DISTRICT OF*

**DE LA PROVINCE DU QUÉBEC**

Le présent mandat est délivré pour l'arrestation de / *This warrant is issued for the arrest of*

**BUSQUE, Gino (M) (001)**

né le / *born on*

adresse / *address* Inconnue

(ci-après appelé le prévenu / *hereinafter called the accused*).

ATTENDU QUE le prévenu a été inculpé d'avoir / *WHEREAS the accused has been charged that* :

**VOIR ANNEXE A (CHEFS)**

ET ATTENDU qu'il y a des motifs raisonnables de croire qu'il est nécessaire dans l'intérêt public de décerner le présent mandat pour l'arrestation du prévenu / *AND WHEREAS there are reasonable grounds to believe that it is necessary in the public interest to issue this warrant for the arrest of the accused [507(4)]*

**VOIR ANNEXE B**

**À CES CAUSES, LES PRÉSENTES ONT POUR OBJET DE VOUS ENJOINDRE, AU NOM DE SA MAJESTÉ, D'ARRÊTER IMMÉDIATEMENT LE PRÉVENU ET DE L'AMENER DEVANT UN JUGE DE PAIX AFIN QU'IL RÉPONDE À CETTE INCULPATION ET SOIT TRAITÉ SELON LA LOI/ *THIS IS, THEREFORE, TO COMMAND YOU, IN HER MAJESTY'S NAME, FORTHWITH TO ARREST THE ACCUSED AND TO BRING HIM BEFORE ME, OR ANY OTHER JUSTICE TO BE DEALT WITH ACCORDING TO LAW.***

À / *At* **MONTRÉAL** , le / *on* **24 septembre 2026**

MÉLANIE HÉBERT JUGE COUR DU QUÉBEC

Juge de paix (en majuscules) / *Justice of the Peace (in block letters)*

Juge de paix / *Justice of the Peace*

**5 – CORPS POLICIER / POLICE FORCE**

# ANNEXE A (Chefs)

**NO DE COUR : 500-73-000099-263**

**BUSQUE, Gino**

**Chef 1 – Possession dans le but (transaction 1)**

Le ou vers le 29 juin 2022, à Montréal, district judiciaire de Montréal, **Gino Busque** a eu en sa possession, dans le but d'en faire le trafic, une substance inscrite à l'Annexe I de la *Loi réglementant certaines drogues et autres substances*, à savoir : de la cocaïne, contrairement à l'article 5(2) de la *Loi réglementant certaines drogues et autres substances*, commettant ainsi l'acte criminel prévu à l'article 5(3)a) de la *Loi réglementant certaines drogues et autres substances.*

**Chef 2 – Trafic (transactions 1-2-3)**

Entre le 21 juin 2022 et le 1er février 2023, à Montréal, district judiciaire de Montréal, et ailleurs dans la province de Québec, **Gino Busque** a fait le trafic d'une substance inscrite à l'Annexe I de la *Loi réglementant certaines drogues et autres substances*, à savoir : de la cocaïne, contrairement à l'article 5(1) de la *Loi réglementant certaines drogues et autres substances*, commettant ainsi l'acte criminel prévu à l'article 5(3)a) de la *Loi réglementant certaines drogues et autres substances.*

**Chef 3 – Possession dans le but (transaction 2)**

Le ou vers le 21 septembre 2022, à Montréal, district judiciaire de Montréal,
a eu en sa possession, dans le but d'en faire le trafic, une substance inscrite a l'Annexe I de la *Loi réglementant certaines drogues et autres substances*, à savoir : de la cocaïne, contrairement à l'article 5(2) de la *Loi réglementant certaines drogues et autres substances*, commettant ainsi l'acte criminel prévu à l'article 5(3)a) de la *Loi réglementant certaines drogues et autres substances.*

**Chef 4 – Trafic (transaction 2)**

Le ou vers le 21 septembre 2022, à Montréal, district judiciaire de Montréal,
a fait le trafic d'une substance inscrite à l'Annexe I de la *Loi réglementant certaines drogues et autres substances*, à savoir : de la cocaïne, contrairement à l'article 5(1) de la *Loi réglementant certaines drogues et autres substances*, commettant ainsi l'acte criminel prévu à l'article 5(3)a) de la *Loi réglementant certaines drogues et autres substances.*

**Chef 5 – Possession dans le but (transaction 3)**

Le ou vers le 1er février 2023, à Montréal, district judiciaire de Montréal,
a eu en sa possession, dans le but d'en faire le trafic, une substance inscrite à l'Annexe I de la *Loi réglementant certaines drogues et autres substances*, à savoir : de la cocaïne, contrairement à l'article 5(2) de la *Loi réglementant certaines drogues et autres substances*, commettant ainsi l'acte criminel prévu à l'article 5(3)a) de la *Loi réglementant certaines drogues et autres substances.*

**Chef 6 – Trafic (transaction 3)**

Le ou vers le 1er février 2023, à Montréal, district judiciaire de Montréal,
a fait le trafic d'une substance inscrite à l'Annexe I de la *Loi réglementant certaines drogues et autres substances*, à savoir : de la cocaïne, contrairement à l'article 5(1) de la *Loi réglementant certaines drogues et autres substances*, commettant ainsi l'acte criminel prévu à l'article 5(3)a) de la *Loi réglementant certaines drogues et autres substances.*

Service des poursuites pénales du Canada | Public Prosecution Service of Canada

## ANNEXE B
## MOTIFS AU SOUTIEN D'UNE DEMANDE DE MANDAT D'ARRESTATION

**Nom de l'accusé :**

**Numéro d'événement :** :

La GENDARMERIE ROYALE DU CANADA demande un mandat d'arrestation:

☐ **visé** (les conditions se trouvent sur la promesse de comparaître)

☒ **non visé**

contre : Gino BUSQUE

**Le dénonciateur déclare avoir des motifs raisonnables de croire qu'il est dans l'intérêt public de décerner un mandat pour l'arrestation du prévenu, et ce pour les raisons suivantes :**

Les infractions décrites à la *Dénonciation-Mandat d'arrestation*, notamment trafic de cocaïne, sont objectivement et subjectivement graves.

Le prévenu n'aurait pas d'adresse connue au Canada. Son permis de conduire du Québec serait suspendu depuis le 2026-02-24 et l'immeuble où il habitait a été vendu après qu'il a renoncé à un droit de premier refus.

Le prévenu habiterait aux États-Unis. Selon son historique de voyageur, il a quitté le Canada pour la dernière fois le 2026-08-10. Il a un permis de conduire valide, enregistré à une adresse dans l'État de la Floride. Sur son compte Facebook, il fait la promotion d'une compagnie enregistrée dans l'État de la Floride et pour laquelle il est l'une des personnes autorisées.

Dans ce contexte, il est dans l'intérêt public de décerner le présent mandat pour l'arrestation du prévenu.

SIGNÉ À MONTRÉAL, le 24 septembre 2026

Daniel Lefebvre

Gend. Daniel LEFEBVRE #52268
Gendarmerie royale du Canada

# APPENDIX A (Counts)

**COURT NUM. : 500-73-000099-263**

**TR**

**Count 1 – Possession for purpose of trafficking (transaction 1)**

On or about June 29, 2022, in Montréal, judicial district of Montreal, **Gino Busque** possessed, for the purpose of trafficking, a substance included in Schedule I of the *Controlled Drugs and Substances Act*, to wit: cocaine, contrary to section 5(2) of the *Controlled Drugs and Substances Act*, committing thereby an indictable offence under section 5(3)(a) of the *Controlled Drugs and Substances Act.*

**Count 2 – Trafficking in substance (transactions 1-2-3)**

Between June 21, 2022 and February 1, 2023, in Montreal, judicial district of Montreal, and elsewhere in the province of Quebec, **Gino Busque** trafficked in a substance included in Schedule I of the *Controlled Drugs and Substances Act*, to wit: cocaine, contrary to section 5(1) of the *Controlled Drugs and Substances Act*, committing thereby an indictable offence under section 5(3)(a) of the *Controlled Drugs and Substances Act.*

**Count 3 – Possession for purpose of trafficking (transaction 2)**

On or about September 21, 2022, ir
possessed, for the purpose of trafficking, a substance included in Schedule I of the *Controlled Drugs and Substances Act*, to wit: cocaine, contrary to section 5(2) of the *Controlled Drugs and Substances Act*, committing thereby an indictable offence under section 5(3)(a) of the *Controlled Drugs and Substances Act.*

**Count 4 – Trafficking in substance (transaction 2)**

On or about September 21, 2022, in Montreal, judicial district
trafficked in a substance included in Schedule I of the *Controlled Drugs and Substances Act*, to wit: cocaine, contrary to section 5(1) of the *Controlled Drugs and Substances Act*, committing thereby an indictable offence under section 5(3)(a) of the *Controlled Drugs and Substances Act.*

**Count 5 – Possession for purpose of trafficking (transaction 3)**

On or about February 1, 2023, in Montreal, judicial district of Montreal,
possessed, for the purpose of trafficking, a substance included in Schedule I of the *Controlled Drugs and Substances Act*, to wit: cocaine, contrary to section 5(2) of the *Controlled Drugs and Substances Act*, committing thereby an indictable offence under section 5(3)(a) of the *Controlled Drugs and Substances Act.*

**Count 6 – Trafficking in substance (transaction 3)**

On or about February 1, 2023, in Montreal, judicial district of Montreal,
trafficked in a substance included in Schedule I of the *Controlled Drugs and Substances Act*, to wit: cocaine, contrary to section 5(1) of the *Controlled Drugs and Substances Act*, committing thereby an indictable offence under section 5(3)(a) of the *Controlled Drugs and Substances Act.*

Service des poursuites pénales du Canada | Public Prosecution Service of Canada

## APPENDIX B
## INFORMATION TO OBTAIN A WARRANT OF ARREST

**Name of the accused : BUSQUE, Gino**

**Number of police event : 2022-522784**

THE ROYAL CANADIAN MOUNTED POLICE makes application for this arrest warrant to be:

☐ **endorsed** (the conditions are listed on the appearance notice)

☒ **not endorsed**

against : Gino BUSQUE

**The informant states that they have reasonable grounds to believe that it is in the public interest to issue a warrant for the arrest of the accused, for the following reasons:**

**The informant states that they have reasonable grounds to believe that it is in the public interest to issue a warrant for the arrest of the accused, for the following reasons:**

The offences described in the Information and Warrant for Arrest, including trafficking in cocaine, are objectively and subjectively serious.

The accused reportedly has no known address in Canada. His Quebec driver's license has reportedly been suspended since February 24, 2026, and the building where he lived was sold after he waived his right of first refusal.

The accused is believed to be residing in the United States. According to his travel history, he last left Canada on August 10, 2026. He holds a valid driver's license registered to an address in the State of Florida. On his Facebook account, he promotes a company registered in the State of Florida, for which he is one of the authorized representatives.

In light of this information, it is in the public interest to issue this warrant for the accused's arrest.

SIGNED IN MONTREAL, September 24, 2026

________________________________

Daniel LEFEBVRE
Royal Canadian Mounted Police (RCMP)

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

SEALED

In the Matter of the Extradition of
GINO JOSEPH BUSQUE

Case No. 6:26-mj-2137

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* GINO JOSEPH BUSQUE ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Pursuant to the extradition treaty between the United States and Canada and 18 U.S.C. § 3184, Canada seeks the provisional arrest, with a view toward extradition, of GINO JOSEPH BUSQUE so that he may be prosecuted for three counts of possession for the purpose of trafficking cocaine, in violation of Section 5(2) of the Canadian Controlled Drugs and Substances Act ("CDSA"), and three counts of trafficking cocaine, in violation of Section 5(1) of the CDSA.

Date: 9/28/26

Leslie Hoffman Price
*Issuing officer's signature*

City and state: Orlando, Florida

LESLIE HOFFMAN PRICE, US MAGISTRATE JUDGE
*Printed name and title*

**Return**

This warrant was received on *(date)* __________, and the person was arrested on *(date)* __________
at *(city and state)* __________.

Date: __________

*Arresting officer's signature*

*Printed name and title*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE EXTRADITION OF<br>GINO JOSEPH BUSQUE | )<br>)<br>) | Misc. No. 6:26-mj-2137 |

**MOTION TO SEAL COMPLAINT, SUPPORTING PAPERWORK, AND ARREST WARRANT**

The United States of America, by its attorney, Michael Ainis, Assistant United States Attorney for the Middle District of Florida, hereby respectfully moves the Court to place under seal until further order of the Court the Complaint, and any supporting documents and docket entries, and the Arrest Warrant in the above-captioned case, as well as the government's Motion to Seal and this Court's Order sealing the aforesaid documents. In support of its motion, the government states as follows:

1. Courts have inherent power to control access to papers filed with the Courts. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).

2. The sealing of this matter is necessary because public disclosure of the complaint and related materials at this time could jeopardize future plans to secure the fugitive's arrest, as such disclosure could result in the fugitive being alerted to his criminal liability and cause him to take measures to flee or avoid capture. Concern for the need to apprehend the fugitive, and to do so in a manner consistent with officer safety, constitutes a legitimate prosecutorial reason, particularly in this case where the United States has a treaty obligation to apprehend and extradite the fugitive. The government has thus articulated an appropriate basis for an Order sealing the Complaint, any supporting documents and docket entries, the Arrest Warrant, this motion, and any Order to Seal.

3. In addition, we request that the sealing Order permit disclosure of the Complaint, any supporting documents and docket entries, and the Arrest Warrant, to appropriate law enforcement and other personnel, both in the United States and internationally, to the extent that such disclosure is in furtherance of efforts to capture or detain the fugitive.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court issue an Order sealing (except to the limited extent specified herein) the Complaint filed in this matter on this date, as well as

sealing any supporting documents and docket entries, the Arrest Warrant, this motion, and the Court's Order to Seal, until further order of this Court or another Court. A proposed Order is submitted herewith.

Dated: September 28, 2026

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: _/s/ *Michael Ainis*_

Michael Ainis
Assistant United States Attorney
United States Attorney No. USA242
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
E-mail: Michael.Ainis@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE EXTRADITION OF<br>GINO JOSEPH BUSQUE | )<br>)<br>) | Misc. No. 6:26-mj-2137 |

**ORDER TO SEAL**

Upon motion of the United States to seal the Complaint in the above-captioned matter, the Arrest Warrant, the government's Motion to Seal, the sealing Order, and entries on the public docket, it is hereby,

ORDERED, that the Clerk of the Court seal in this matter the Complaint, any supporting documents and docket entries, the Arrest Warrant, the underlying Motion to Seal, and this Order, except that the United States Government may disclose the existence and/or contents of the Complaint, any supporting documents and docket entries, and the Arrest Warrant to appropriate law enforcement or other personnel, both in the United States and internationally, to the extent that such disclosure is in furtherance of efforts to obtain custody of or to detain the fugitive.

It is FURTHER ORDERED that the Clerk's office shall not make any entry on the public docket in this case of the Complaint, any supporting documents, the Arrest Warrant, the underlying Motion to Seal, and this Order until further order of the Court.

It is FURTHER ORDERED that the Complaint, any supporting documents and docket entries, the Arrest Warrant, the underlying Motion to Seal, and this Order in the above-captioned matter shall be unsealed upon oral motion of the government to this Court or to any Court where the fugitive is first presented.

It is FURTHER ORDERED that the Clerk of Court shall provide to the United States Department of Justice certified copies of the Complaint, any supporting documents and docket entries, the Arrest Warrant, the underlying Motion to Seal, and this Order in the above-captioned matter upon request.

Date: 9/28/26

Leslie Hoffman Price
LESLIE HOFFMAN PRICE
United States Magistrate Judge